JOHN R. SMOOT, plaintiff in error, *v.* BENJAMIN LAFFERTY, defendant in error.

### *Error to Gallatin.*

The Act of the Legislature of Illinois of 1841, in relation to sales of property on judgments and executions, was decided by the Supreme Court of the United States to be in express violation of the Constitution of the United States. The provisions of the Act of January 6, 1843, are substantially the same as those of the former Act, and it is therefore unconstitutional. As, by the Constitution of the United States, that Court has ultimate, exclusive jurisdiction of questions of this kind, this Court is bound by its decision.

TRESPASS in the Gallatin Circuit Court, brought by the defendant in error against the plaintiff in error, as sheriff of Gallatin county, and heard before the Hon. Walter B. Scates, at the October term 1844.

The trespass alleged in the plaintiff's declaration was a levy upon and sale of certain property, under and by virtue of a writ of *fieri facias,* without regard to the valuation law. The defendant below filed his demurrer to the plaintiff's declaration, which demurrer was overruled, and judgment entered by the Court for the sum of $131, the amount of damages as per agreement.

*J. A. McDougall,* for the plaintiff in error.

The only question in this case arises upon the sufficiency of the cause of action, and that question depends upon the validity of our valuation law,—a question which has been settled by the Supreme Court of the United States, as also by this Court.

*L. Davis,* for the defendant in error.

Smoot *v.* Lafferty.

The Opinion of the Court was delivered by

CATON, J.* The declaration in this cause states that the defendant below was sheriff of the county of Gallatin, and as such sheriff, had in his hands a certain execution and fee bills against the plaintiff below, by virtue of which he levied upon a certain ferry boat, the property of the said plaintiff, and sold it without having the same appraised by three disinterested householders, as required by the provisions of the Act of January 6th, 1843, entitled *"An Act regulating the sales of property on judgments and executions."* The declaration contains sufficient averments to show that the case was embraced within the provisions of that Act. To this declaration the defendant filed a demurrer, which was overruled by the Court and judgment given for the plaintiff, which is now assigned for error.

The only question presented for our consideration is the constitutionality of that law. The Supreme Court of the United States, in the case of *McCracken* v. *Hayward,* decided at the January term 1844, have distinctly decided that the Act of 1841 is in express violation of the Constitution of the United States and void. The provisions of the Act first mentioned are substantially the same as those of this Act. As by the Constitution of the United States that Court has ultimate exclusive jurisdiction of that question, we are bound by its decision.

The judgment of the Circuit Court is reversed with costs.

*Judgment reversed.*

---

* WILSON, C. J., did not sit in this case.